UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| PENNIE CHIARAMONTE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-7440 |
| FIRST FINANCIAL INSURANCE COMPANY, CAHABA DISASTER RECOVERY, CAHABA DISASTER RECOVERY, LLC, JOHN MOTT III, CHRISTOPHER PARHAM, JOYCE VAURIGAUD, SAFEWAY INSURANCE COMPANY, AND FIRST COLONY INSURANCE COMPANY | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is a motion to stay (Rec. Doc. 19), urged by Defendants First Financial Insurance Company, John Mott, III, and Christopher Parham.[1] For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**.

## BACKGROUND

In December 2006, Plaintiff, Pennie Chiaramonte (hereinafter "Plaintiff" or "Chiaramonte"), was a guest passenger in a Jeep Cherokee, owned and operated by Defendant Joyce

---

[1] Defendants Cahaba Disaster Relief, LLC and Colony Insurance Company initially filed the motion. *See* Rec. Doc.19. Thereafter, Defendants First Financial Insurance Company, John Mott, III, and Christopher Parham joined in the stay request. *See* Rec. Doc. 23 and 33. On February 17, 2009, the Court granted as unopposed a motion for summary judgment that was filed by Cahaba Disaster Relief, LLC and Colony Insurance Company. *See* Rec. Doc. 30. As a result, Plaintiff's claims against Cahaba Disaster Relief LLC and Colony Insurance Company have been dismissed with prejudice. Thus, the motion to stay is moot insofar as it relates to the dismissed defendants.

1

Vaurigaud, that was involved in a motor vehicle accident in Slidell, Louisiana. Following the accident, Plaintiff filed suit in Louisiana state court – the 22nd Judicial Court for the Parish of St. Tammany – against the same defendants here, with the exception of Vaurigaud and her insurer, Safeway. The following month, Vaurigaud also filed suit in state court. Approximately seven months later, Plaintiff filed the instant federal action. In this Court, however, she also included Vaurigaud and her insurer, Safeway, as defendants to the extent that the other, previously named defendants were not ultimately found to be legally responsible for her injuries. Ultimately, Plaintiff's and Vaurigaud's state court suits were consolidated.

## LAW AND ANALYSIS

Defendants First Financial Insurance Company, John Mott, III, and Christopher Parham ask this Court to stay this federal proceeding in favor of a pending state court action under the abstention principles set forth in *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 813, 96 S. Ct.1236 (1976). As explained by the Fifth Circuit in *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492-93 (5th Cir. 2006):

> *Colorado River* applies when suits are parallel, having the same parties and the same issues. *Diamond Offshore Co. v. A&B Builders, Inc*., 302 F.3d 531, 540 (5th Cir.2002). [FN3][2] Under *Colorado River*, a district court may abstain from a case only under "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236 (describing abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").
>
> In deciding whether "exceptional circumstances" exist, the Supreme Court identified six relevant factors: 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction

---

[2] If the suits are not parallel, the federal court must exercise jurisdiction. *RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir.1987).

2

> was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d [491, 497 (5th Cir. 2002)]; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86, 115 S. Ct. 2137, 132 L. Ed.2d 214 (1995). We do not apply these factors mechanically, but carefully balance them "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The balancing is done on a case-by-case basis. *Id.*

Considering these factors in the context of these related proceedings, the Court is not convinced that an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" exists here. *Colorado River*, 424 U.S. at 814, 817, 96 S. Ct. 1236. Thus, the motion to stay is denied.

First, neither the state court nor this federal court has assumed jurisdiction over a *res*, which supports the federal courts' general rule of exercising the jurisdiction granted to them. *Stewart*, 438 F.3d at 492. Second, none of the parties reside in Covington, Louisiana, where the 22nd Judicial District Court is located. Vaurigaud, a Slidell resident, is the only party who resides in St. Tammany Parish. The difference in travel time between Slidell and New Orleans and between Slidell to Covington is minor. Further, Plaintiff and her physicians reside in Florida. Hence, New Orleans may provide better flight access to many of the parties than does Covington, Louisiana. Finally, conducting out-of-state discovery likely will be easier and more economical in federal court. Given these circumstances, the Court does not find any "relative inconvenience of the federal forum to be so great that abstention is warranted." *Kelly Inv., Inc.*, 315 F.3d at 498 (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d,1185, 1192 (5th Cir. 1988)). Thus, this factor also favors exercising federal jurisdiction.

The third factor – avoiding piecemeal litigation and the related danger of

inconsistent rulings – provides only minimal support, if any, for abstention. At present, to the Court's knowledge, Vaurigaud has brought her damage claims in state court, but not federal court. Thus, in state court, both Plaintiff's *and* Vaurigaud's claims against the defendants to this federal action – *except* Plaintiff's claims against Defendants Vaurigaud and her insurer, Safeway – are presently in line for disposition. In fact, Plaintiff's and Vaurigaud's state court actions have been consolidated.

Significantly, however, Chiaramonte is the *only* plaintiff in this federal court action, and *all* of *her* claims against *any and all* potentially liable persons (relative to the motor vehicle accident in question), *including* Vaurigard and her insurer, Safeway, have been asserted here. Thus, with respect to Plaintiff's claims in particular, abstention in favor of the state court proceeding might yield, rather than avoid, piecemeal litigation. Further, Vaurigaud's defense to Plaintiff's claims in this action should be consistent with the positions that she, Vaurigaud, advances as a plaintiff in state court. And, given that Vaurigaud is a defendant here, she could seek to assert a cross-claim in this litigation against Defendants. That procedural modification would result in all presently identified claimants *and* respondents, relative to the December 2006 motor vehicle accident, litigating their claims and defenses in this Court.

The fourth factor concerns the order in which jurisdiction was obtained by the concurrent forum. Simple filing order, however, is not always dispositive. Rather, the Court must evaluate how much progress has been made in the two suits. *Stewart*, 438 F.3d at 492-93. On the showing made, the Court is not convinced that the state court proceeding, which was filed first, has progressed beyond this suit to any significant extent. Specifically, Defendants Cahaba Disaster Relief, LLC and Colony Insurance Company have been dismissed from both actions. Additionally, the parties have stipulated that any state court discovery would be deemed to have also occurred in

4

federal court. Given these facts, the Court is not in a position to find that this factor weighs strongly in favor of abstention in deference to the state court.

The fifth and sixth factors address the extent to which federal law is controlling and the adequacy of the state court relative to the dispute(s) at issue. *Stewart*, 438 F.3d at 492-93. Here, the claims involve state law and there is no indication that the state court is or would not be capable of adequately disposing of the affected persons' claims. In the absence of "rare circumstances," however, these factors remain neutral in the context of abstention principles. *Id.*

## CONCLUSION

Having considered all relevant factors, the Court finds that *Colorado River* abstention is not appropriate in this matter. Accordingly, **IT IS ORDERED** that the motion to stay presently before the Court is **DENIED**.[3]

New Orleans, Louisiana, this 9th day of March 2009.

_____
**Kurt D. Engelhardt**
**United States District Judge**

---

[3] The Court notes that, in *Superior Diving Co., Inc. v. Watts*, Civil Action No. 05-197, 2008 WL 1712299 (E.D. La. 4/9/08)(Engelhardt, J.), its analysis and application of the *Colorado River* abstention doctrine resulted in the attorney malpractice component of that federal litigation being dismissed without prejudice in favor of a pending Mississippi state court action involving the same malpractice claims between the same persons. Significantly, however, in *Superior Diving*, the former attorney's fee intervention, as well as the malpractice claims asserted in response thereto, had been severed from, and stayed pending, the ongoing litigation of the main personal injury claim. Under those particular and unique circumstances, limited federal abstention allowed litigation of the malpractice claims to progress in state court, rather than being delayed further in the federal court, and then addressed in a piecemeal fashion, because of the stay. As set forth above, such circumstances are not present here.